02-855 JRT/SRN

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-3431

| | | |
|---|---|---|
| Laxman S. Sundae; Judith A. Sundae, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Thomas W. Anderson, individually | * | |
| and as an employee of Metropolitan | * | [UNPUBLISHED] |
| Airports Commission; Metropolitan | * | |
| Airports Commission; Robert Swenson; | * | |
| Annette Simmons-Brown, | * | |
| | * | |
| Appellees. | * | |

Submitted: June 22, 2004
Filed: June 28, 2004

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

PER CURIAM.

Defendants acquired the house of Laxman and Judith Sundae (Sundaes) as part of a land acquisition and relocation program, and relocated them to a new house. In 1997, the Sundaes entered into a settlement and release under which they "release[d] . . . Metropolitan Airports Commission . . . and W.D. Schock Company, Inc. and their respective . . . officers [and] . . . employees . . . from all causes of actions . . . of any nature whatsoever [under] . . . any . . . theory of recovery, known or unknown, that

SCANNED
AUG 16 2004
U.S. DISTRICT COURT MPLS

[the Sundaes] may have or assert regarding the acquisition" of their home. Specifically excepted from the release was a business-relocation claim on the part of Laxman Sundae.

In the instant complaint, the Sundaes alleged defendants discriminated against them by conspiring to deny them a decent, safe, and sanitary replacement dwelling. The Sundaes also alleged (1) their replacement home flooded due to defendants' failure to inspect and the concomitant delay in closing, (2) the defendants conspired to violate the Sundaes' civil rights by blocking them from recovering for the flood damage, and (3) the defendants' actions caused them mental anguish. The defendants moved to dismiss the action. The district court[1] converted the motion to a motion for summary judgment, and granted the motion.

Upon de novo review, see Davis v. Fleming Cos., 55 F.3d 1369, 1371 (8th Cir. 1995), we conclude all of the Sundaes' claims involved or arose out of the relocation process and, thus, are barred by the settlement and release. To the extent the Sundaes also raised a business-relocation claim, the Sundaes failed to support the claim factually, and any procedural due process claim they intended to bring is premature as they concede the matter is still being pursued at the administrative level. Cf. Wax 'N Works v. City of St. Paul, 213 F.3d 1016, 1019 (8th Cir. 2000) (litigant asserting procedural due process deprivation must exhaust remedies before allegation will state § 1983 claim); Heideman v. Metro. Airports Comm'n, 555 N.W.2d 322, 323-24 (Minn. Ct. App. 1996) (to challenge MAC decision, plaintiff had to apply for certiorari review by court of appeals under Minnesota general certiorari statute). We also conclude the district court did not abuse its discretion in refusing to allow amendment of the complaint to bring a mandamus claim. See MM&S Fin., Inc. v.

---

[1]he Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

Nat'l Ass'n of Sec. Dealers, Inc., 364 F.3d 908, 909-10 (8th Cir. 2004) (standard of review; court will not grant leave to amend when amendment would be futile).

Accordingly, we affirm. See 8th Cir. R. 47B. We also deny the pending motion seeking a legal opinion from the Secretary of the U.S. Department of Transportation.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS. CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans